**S.S. and G.W., Appellants,**

v.

**STATE FARM FIRE & CASUALTY COMPANY, Appellee.**

**No. 3–90–087–CV.**

Court of Appeals of Texas, Austin.

April 24, 1991.

Rehearing Overruled June 12, 1991.

---

David J. Nagle, David Nagle & Associates, P.C., Austin, for appellants.

Scott R. Kidd, Brown Maroney & Oaks Hartline, Austin, for appellee.

Before CARROLL, ABOUSSIE and JONES, JJ.

JONES, Justice.

State Farm Fire & Casualty Company (State Farm) sued G.W. and S.S. for a declaratory judgment that G.W. was not entitled to recover under his State Farm homeowner's policy for certain claims made by S.S. against him. S.S., having been assigned a portion of G.W.'s rights under the policy, and G.W. counterclaimed for bad-faith claims settlement practices and for recovery under the policy. The trial court granted State Farm's motion for summary judgment and rendered judgment: (1) declaring that as a matter of law G.W.'s policy provided no coverage for S.S.'s claims; (2) ordering that G.W. and S.S. take nothing by their counterclaims; and (3) denying S.S.'s motion for summary judgment for recovery under the policy. G.W. and S.S. appeal. We will reverse the judgment and remand the cause.

G.W. was insured by State Farm under a Texas standard homeowner's policy. On November 29, 1986, G.W. and S.S. had consensual sexual intercourse at G.W.'s home. They had not previously engaged in sexual relations. At the time, G.W. knew or suspected that he had genital herpes, but did not tell S.S. of his infection before exposing her. Shortly thereafter, S.S. contracted the disease and made demand on G.W. to compensate her for her damages. G.W. notified State Farm of S.S.'s claim and requested that it defend him. In response, State Farm had G.W. sign a "request for claim services and non-waiver of rights agreement," which purportedly allowed it to investigate and defend G.W. against the claim without admitting liability.

Although State Farm had, on G.W.'s behalf, retained counsel to respond to S.S.'s claim, G.W. obtained personal counsel as well. State Farm later denied coverage, but offered to continue providing legal representation for G.W. as required by the policy. At G.W.'s direction, his personal counsel rejected State Farm's offer and revoked the company's authority to represent G.W.

Two days after G.W. terminated his representation by State Farm, S.S. filed suit against G.W., alleging that he had negligently harmed her by having sexual relations with her at a time when he knew or should have known that sexual contact with him could expose S.S. to a herpes virus infection. Neither G.W. nor S.S. notified State Farm of the existence of the lawsuit. G.W. and S.S. subsequently entered into an agreed judgment that awarded her one million dollars in damages. As a part of the agreement, G.W. assigned to S.S. all of his claims for coverage against any insurer for indemnity for his allegedly negligent transmission of the disease. He also assigned to S.S. one-third of any claims he had or might have against State Farm for its alleged bad-faith claims adjusting, deceptive trade practices, or Insurance Code violations. S.S. agreed not to execute on the judgment. State Farm remained unaware of the lawsuit until after the agreed judgment had been signed by the parties and approved by the court.

Once apprised of the agreed judgment, State Farm brought the present declaratory judgment action, seeking a declaration: (1) that the policy does not provide coverage for liability arising from S.S.'s claims, either (i) because of an express policy provision excluding from coverage "bodily injury ... caused intentionally by ... the Insured," or (ii) because the public policy of the State of Texas prohibits insurance coverage for the negligent transmission of sexual diseases; and (2) that State Farm is not obligated to defend or indemnify G.W., because his "failure to cooperate and his collusive, fraudulent, and conspiratorial conduct" constitute breaches of the insurance contract, thereby excusing State Farm from performing any of its contractual obligations. G.W. and S.S. counterclaimed,

alleging that the policy covered the injury and that State Farm had adjusted the claim in bad faith.

State Farm moved for summary judgment on the same two basic grounds stated in its petition: (1) lack of coverage under the policy language; and (2) breaches of contract by G.W. in failing to notify State Farm of the lawsuit and entering into an agreed judgment without State Farm's approval. S.S. also moved for summary judgment, asserting that coverage for her injury existed as a matter of law. The trial court rendered summary judgment for State Farm, declaring that the policy "provides no coverage for any of the claims asserted by [S.S.] against [G.W.]." In addition, the court ordered that G.W. and S.S. take nothing on their counterclaims and denied S.S.'s motion for summary judgment.

On appeal, State Farm argues that: (1) although the policy excludes coverage only for intentionally inflicted injuries, intent to harm should, in the present case, be inferred from G.W.'s knowledge of his infection, coupled with the intentional nature of his sexual contact with S.S.; (2) in conjunction with a recent amendment to the Texas standard homeowner's policy expressly excluding coverage for sexually transmitted diseases, the Texas State Board of Insurance stated its opinion that the transmission of such diseases was never intended to be covered; and (3) a finding of coverage would violate public policy.

A summary judgment movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex.R.Civ.P. 166a(c). In determining whether the movant has succeeded in showing that no such dispute exists, we assume the truth of evidence favorable to the non-movant, indulge every reasonable inference on behalf of the non-movant, and resolve any doubt in the non-movant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). In construing an insurance policy, a court is obligated to adopt the construction urged by the insured "as long as that construction is not itself unreason-

able, even if the construction urged by the insurer appears to be more reasonable or a more accurate reflection of the parties' intent." *Glover v. National Ins. Underwriters*, 545 S.W.2d 755, 761 (Tex.1977).

■ G.W.'s policy binds State Farm to pay, on G.W.'s behalf, "all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage." However, the policy excludes from coverage *"bodily injury* or property damage *caused intentionally by* or at the direction of *the Insured."* (Emphasis added.) This language is, in our opinion, clear and unambiguous as it relates to the present cause: the exclusion deals with an intentional "injury," not simply an intentional "act." Therefore, G.W.'s intent regarding the mere act of intercourse is not the point on which coverage turns. Rather, the critical issue is G.W.'s intent with regard to causing S.S.'s injury, i.e., her infection with herpes. Coverage for that injury is not excluded under the provision in question unless G.W. intended not merely to engage in intercourse, but actually to transmit the infection.

Because the plain language of the policy excludes coverage for S.S.'s herpes infection only if G.W. intended her to contract the virus, State Farm's summary judgment burden was to show conclusively that G.W. possessed such an intent. This Court has held that "[s]ummary judgment is rarely proper when the cause involves an issue inherently for the fact-finder, such as intent." *Taylor v. Bonilla*, 801 S.W.2d 553, 557 (Tex.App.1990, writ denied).

The summary judgment record contains only one statement bearing on G.W.'s intent. By affidavit, G.W. stated "[t]hat any actions on [his] part toward [S.S.] were not intentional in any way." Even this denial by G.W. refers to "actions," not results or injuries. Accordingly, because State Farm did not produce conclusive evidence that G.W. intended to cause S.S.'s herpes infection, it failed to carry its summary judgment burden. Nor does this record show that G.W.'s conduct was so extreme or outrageous that an intent to harm can be inferred as a matter of law. *Compare*

*North Star Mut. Ins. Co. v. R.W.*, 431 N.W.2d 138 (Minn.Ct.App.1988) (transmission of herpes during consensual sexual act does not warrant inference of intent to harm), *and State Farm Fire & Casualty Co. v. Eddy*, 218 Cal.App.3d 958, 267 Cal. Rptr. 379 (1990) (same), *and Allstate Ins. Co. v. Steinemer*, 723 F.2d 873 (11th Cir. 1984) (shooting with a BB gun does not warrant inference), *with Allstate Ins. Co. v. Troelstrup*, 789 P.2d 415 (Colo.1990) (child molestation warrants inference of intent to harm). Therefore, the court's rendition of summary judgment in favor of State Farm on the ground that, as a matter of law, the policy provides no coverage for liability arising from S.S.'s injury was improper.

Citing cases such as *Kathleen K. v. Robert B.*, 150 Cal.App.3d 992, 198 Cal.Rptr. 273 (1984), State Farm argues that a cause of action for "intentional tort" exists where a person fails to disclose a herpes infection before engaging in sexual intercourse. The theory adopted in such cases is that consent to sexual contact is nullified by one party's concealment of his or her infection with the sexually transmitted disease. We have no disagreement with that theory as applied in those cases. The issue in the present cause, however, is not whether S.S. might have a cause of action against G.W. for "battery" or "sexual misconduct," or for some other intentional tort. Rather, the issue here is whether State Farm conclusively proved facts requiring application of the relevant exclusionary clause of the policy: "bodily injury ... caused intentionally by ... the Insured." The cases cited by State Farm are inapposite.

Any expression of opinion by the State Board of Insurance subsequent to State Farm's issuance of G.W.'s policy has no bearing on that policy or its meaning. We are not permitted to rewrite the exclusion to supply an intent that State Farm claims was present at the time of contract formation, but which is not reflected in the unambiguous language of the policy.

■ State Farm also asserts that, policy language aside, public policy prevents us from recognizing coverage under G.W.'s homeowner's policy for negligent transmission of sexual disease. While we agree that the public policy of Texas is to discourage the spread of sexually transmitted diseases, we do not agree that such policy prevents S.S. from recovering for her injury under these facts. The gist of State Farm's argument is that permitting coverage would remove the "personal liability deterrence" that presumably results from requiring one who transfers a sexually transmitted disease to compensate his or her victim. Carried to its logical conclusion, State Farm's position apparently is that allowing S.S. to recover from G.W.'s homeowner's insurance carrier will encourage G.W. and other Texas herpes sufferers to spread the disease. This argument is without merit.

It is axiomatic that Texas public policy discourages vehicle operators from negligently injuring others with their vehicles. Yet, it cannot be said that enforcement of the indemnity provisions of an automobile insurance policy encourages collisions. Rather, requiring the vehicle owner's liability insurer to compensate an injured person simply ensures that those injured are not left without recourse. Similarly, in the present cause it would be illogical to conclude that a holding that the clear language of G.W.'s homeowner's policy covers the negligent transmission of genital herpes would encourage the spread of sexual diseases. As one observer has noted, "A society that requires automobile owners to carry liability insurance for negligent acts involving their automobiles can hardly condemn voluntary personal liability coverage." Comment, *Homeowner's Insurance Coverage of Negligent Transmission of Sexually Transmitted Disease*, 31 B.C.L. Rev. 1209, 1238 (1990) (footnote omitted). We conclude that the policy is not void on public policy grounds.

State Farm urges that, even if S.S.'s claims are not outside the coverage of the policy as a matter of law, we should nonetheless affirm the trial court's summary judgment on the other independent ground stated in State Farm's motion, i.e., that G.W. had breached his duty to cooperate.

We disagree. This Court has held that "where ... a summary judgment order specifies the ground or grounds on which it is based, without expressly ruling on other independent grounds alleged in the motion, such other grounds may not, on appeal, form the basis for affirming the summary judgment." *Carlisle v. Philip Morris, Inc.*, 805 S.W.2d 498, 519 (Tex.App.—Austin, 1991, writ requested). In the present cause, the summary judgment order expressly declared that the policy "provides no coverage for any of the claims asserted" by S.S. against G.W. The judgment made no mention of State Farm's breach-of-duty-to-cooperate argument. Accordingly, that ground may not form the basis for affirming the summary judgment. We do not address the merits of that defense. Appellants' first point of error is sustained.

Appellants also assign as error the trial court's rendition of a take-nothing summary judgment on their counterclaims against State Farm for bad-faith claims adjusting. The trial court's summary judgment against appellants on their counterclaims was apparently an outgrowth of the court's conclusion that the policy provided no coverage for any liability arising out of the harm to S.S. State Farm failed to show conclusively that appellants could not prove one or more of the elements of each of these causes of action. Consequently, it failed to carry its summary judgment burden on appellants' counterclaims. The take-nothing summary judgment was, therefore, improper. We sustain appellants' second point of error.

Finally, appellants contend that the trial court incorrectly denied S.S.'s motion for summary judgment because the summary judgment evidence showed coverage to exist as a matter of law. We disagree. To avoid the intentional-injury policy exclusion as a matter of law, S.S. had the burden of showing conclusively that G.W. did *not* intend to infect her. As we have already noted, the summary judgment record contains essentially no evidence regarding G.W.'s intent to transmit the disease to S.S. Therefore, S.S. also failed to carry her summary judgment burden, and the court correctly overruled her motion for summary judgment. Appellants' third point of error is overruled.

Because both State Farm and appellants failed to carry their respective summary judgment burdens, we reverse that portion of the trial court's judgment granting summary judgment to State Farm and affirm that part denying summary judgment to appellants. We remand the cause to the district court for further proceedings.