**COMMERCIAL UNION INSURANCE CO., Plaintiff,**

v.

**Dr. Stephen M. ROBERTS et al., Defendants.**

**No. A92 CA 290.**

United States District Court, W.D. Texas, Austin Division.

Sept. 29, 1992.

Russell W. Schell, Russell J. Bowman, Schell, Nicholas, Thompson, Beene & Vaughn, Dallas, TX, for plaintiff.

Richard Earl Tulk, Tulk & Deaderick, Jack W. London, Austin, TX, for defendants.

## ORDER

SPARKS, District Judge.

BE IT REMEMBERED on the 10 day of September, 1992, came on to be heard and considered the Plaintiff's Motion for Summary Judgment. Having considered the motion, all relevant pleadings and the argument of counsel, the Court is of the opinion the motion is meritorious and should be granted.

This is a declaratory judgment action.

The undisputed facts establish that Defendants Patrick Zahasky and Ann Zahasky, individually and as parents and next friend of Heidi Zahasky and Kelly Zahasky, filed a lawsuit in Williamson County, Texas, against Defendant Dr. Stephen M. Roberts alleging injuries from sexual contact by Dr. Roberts with Heidi and Kelly Zahasky. At the time of the alleged incidences, Heidi and Kelly Zahasky were 7 years old or younger. Dr. Roberts has a homeowner's insurance policy

with Plaintiff Commercial Union Insurance Company under which the Defendants seek coverage for Heidi and Kelly Zahasky's alleged injuries. Dr. Roberts requested that Commercial Union provide him with a defense in the State court suit. To determine its duties under the policy to defend and/or indemnify Dr. Roberts, Commercial Union filed this action.

Under "Coverage D—Personal Liability," the policy provides Commercial Union shall "pay on behalf of [Dr. Roberts] all sums which [Dr. Roberts] shall become legally obligated to pay as damages because of bodily injury or property damage, and [Commercial Union] shall defend any suit against [Dr. Roberts] alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy...." However, the policy excludes from personal liability coverage "bodily injury or property damage caused intentionally by or at the direction of [Dr. Roberts]."

Commercial Union contends the alleged injuries to Heidi and Kelly Zahasky are excluded from coverage.

■ The policy language in the present case is identical to the policy language in *S.S. v. State Farm Fire & Casualty Company*, 808 S.W.2d 668 (Tex.App.—Austin 1991, writ). The language is clear and unambiguous. *State Farm*, 808 S.W.2d at 670. According to *State Farm*, the Court must distinguish between an "intentional injury" and an "intentional act." An "intentional injury" is excluded from coverage; an "intentional act" is not. *State Farm*, 808 S.W.2d at 670. Certain conduct is "so extreme or outrageous that an intent to harm can be inferred as a matter of law." *State Farm*, 808 S.W.2d at 670. *State Farm* cites *Allstate Insurance Company v. Troelstrup*, 789 P.2d 415 (Colo. 1990), a Colorado Supreme Court case, as an example of such "extreme or outrageous" conduct.

In *Allstate*, the court held that "an intent to injure may be inferred as a matter of law where child molestation is involved." *Allstate*, 789 P.2d at 419. This is the consensus of the majority of jurisdictions that have addressed the issue. *See, Horace Mann Insurance Company v. Fore*, 785 F.Supp. 947,

954–956 (M.D.Ala.1992); *Whitt v. DeLeu*, 707 F.Supp. 1011, 1014–1015 (W.D.Wis.1989). Intent to injure is inferred as a matter of law because the alleged sexual contact is so "substantially certain" to cause injury to the child and the inference applies regardless of the insured's actual intent. *See, Horace Mann Insurance Company*, 785 F.Supp. at 955; *Whitt*, 707 F.Supp. at 1014–1015; *Allstate Insurance Company v. Foster*, 693 F.Supp. 886, 888 (D.Nev.1988).

■ Texas applies the same standard when determining whether an injury is intentional. *Reed Tool Company v. Copelin*, 689 S.W.2d 404, 407 (Tex.1985). In Texas, injuries are intentional if they are "substantially certain" to result from the conduct. *Reed Tool Company*, 689 S.W.2d at 407. Although no Texas court has directly addressed whether child molestation is an intentional injury and therefore excluded by an insurance policy's coverage, given Texas' definition of intentional injury and *State Farm*'s favorable treatment of *Allstate* as an example where an intent to injure is inferred, it appears Texas will follow the majority.

Furthermore, this Court believes, like the majority of jurisdictions, that any sexual contact with a child by an adult is conduct that is so outrageous or extreme that an intent to injure can be inferred as a matter of law.

Furthermore, public policy requires the Court to conclude that the alleged injuries are intentional and excluded from coverage. First, sexual contact by a pedophiliac is not a risk that was contemplated by the insured and the insurer. Second, a homeowner's policy is a very affordable policy that provides general coverage. It allows individuals to insure themselves against unforseen occurrences. Without a homeowner's policy, the occurrences might financially devastate the individual. If the Court expands coverage to include occurrences such as child molestation, the rates for all insured will increase and homeowner's policies will be less affordable; if affordable at all. To hold otherwise would require insurance companies to defend and possibly indemnify insured individuals who commit such acts as rape and incest, at the ultimate expense of others who are in-

sured. The Court sympathizes with Heidi and Kelly Zahasky, but cannot determine insurance coverage for Dr. Roberts under these circumstances.

Since Dr. Roberts' alleged sexual misconduct involved minor children, the Court infers an intent to injure as a matter of law and Dr. Roberts' homeowner's policy's "intentional injury" exclusion precludes coverage.

There is no material issue of fact and summary judgment is appropriate.

IT IS ORDERED that Plaintiff Commercial Union Insurance Company's Motion for Summary Judgment is GRANTED.