**Christopher J. ALLEN, Appellant,**

**v.**

**The AUTOMOBILE INSURANCE COMPANY OF HARTFORD CONNECTICUT, Farmers Insurance Exchange, Texas Farmers Insurance Company and Truck Insurance Exchange, and Transcontinental Insurance Company, Appellees.**

No. B14–93–00590–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 29, 1994.

David Slaughter, Houston, for appellant.

Wayne D. Davidson, Jay W. Brown, Denise A. Acebo, Barclay A. Manley, Houston, for appellees.

Before SEARS, LEE and BARRON, JJ.

## OPINION

LEE, Justice.

This Declaratory Judgment suit arises from the sexual molestation of a child, Christopher J. Allen. The Automobile Insurance Company of Hartford Connecticut (Hartford) brought this action against Clifford A. Metcalfe (Metcalfe) and Christopher Allen (Allen) requesting the court declare Hartford had no duty to defend or indemnify the molester, Metcalfe, under Metcalfe's homeowner's insurance policy. The trial court granted summary judgment in favor of the insurance companies. Allen appeals bringing four points of error. We affirm.

Hartford issued a Texas Standard Homeowners' Policy to Metcalfe; the policy specifically excluded insurance coverage for bodily injury or property damage which the insured intentionally caused. Allen alleges Metcalfe sexually molested him on several occasions between 1987 and 1989. Allen was a minor during that time frame. On January 16, 1990, in *State of Texas v. Clifford A. Metcalfe,* C.A. No. 542355 in the 263rd Criminal District Court of Harris County, Texas, Metcalfe pled guilty to the felony offense of indecency with a child [Christopher J. Allen]. Metcalfe was convicted and sentenced to 10 years, probated. The conviction was upheld on appeal. *See Metcalfe v. State,* No. C14–90–00384–CR, 1991 WL 127357 (Tex.App.—Houston [14th Dist.] July 11, 1991, no pet. h.) (not designated for publication).

Allen brought a lawsuit against Metcalfe, styled *John D. Allen, as next friend of Christopher J. Allen, a minor child, et al., v. Clifford J. Metcalfe, Jr., et al.,* C.A. No. 90–057391 in the 125th District Court of Harris County, Texas (*Allen* suit). In that suit, Allen asserts claims for personal injury resulting from Metcalfe's repeated sexual molestation. Hartford then filed this Declaratory Judgment action. Farmers Insurance Exchange, Texas Farmers Insurance Company and Truck Insurance Exchange, (Farmers) and Transcontinental Insurance Company (Transcontinental) joined or intervened in the Declaratory Judgment suit. All policies in issue exclude from coverage personal injuries intentionally caused by the insured.

In his first and third points of error, Allen asserts the insurance companies failed to prove Metcalfe "intended" to injure Allen when he sexually molested him. In his second point of error, Allen further argues it is possible to have an occurrence or accident arising out of the intentional conduct of an insured. To invoke coverage under the terms of Hartford's policy, there must be an "accident" or "occurrence." Accident or occurrence is defined as an unexpected happening without intention or design. *See Argonaut Southwest Insurance Co. v. Maupin,* 500 S.W.2d 633, 655 (Tex.1973); *see also Pierce v. Benefit Trust Life Ins. Co.,* 784 S.W.2d 516, 518 (Tex.App.—Amarillo 1990, writ denied); *Travelers Ins. Co. v. Volentine,* 578 S.W.2d 501, 503 (Tex.App.—Texarkana 1979, no writ).

It is undisputed that all of Allen's claims arise out of Metcalfe's sexual molestation of Allen. Allen argues the insurance companies failed to present evidence that Metcalfe intended to injure him and thus were not entitled to summary judgment. Moreover, Allen asserts his suit is not for injuries caused by the intentional acts of Metcalfe, but for injuries caused by negligence, gross negligence, and negligent infliction of emotional distress.

We disagree. Sexual molestation is an intentional injury as a matter of law. *Maayeh v. Trinity Lloyds Insurance Co.,* 850 S.W.2d 193, 196 (Tex.App.—Dallas 1992, no writ); *see also Commercial Union Ins.*

*Co. v. Roberts,* 815 F.Supp. 1006, 1007 (W.D.Tex 1992); *State Farm Fire & Cas. Co. v. Gandy,* 880 S.W.2d 129, 139–140 (Tex. App.—Texarkana 1994, writ granted). In *Maayeh* the court of appeals ruled that in cases of sexual molestation intent may be inferred as a matter of law and further, that intentional injury exclusions contained in homeowners' policies exclude from coverage the insured's acts of molestation. *Maayeh,* 850 S.W.2d at 196. Other courts which have adopted this rule acknowledge that in child molestation cases some harm is inherent in the act. The "act" is the "harm," and, because there cannot be one without the other, the "intent to molest is, by itself, the same as the intent to harm." *J.C. Penney Casualty Insurance Company v. M.K.,* 52 Cal.3d 1009, 278 Cal.Rptr. 64, 70, 804 P.2d 689, (1991); *see also Allstate Ins. Co. v. Kim W.,* 160 Cal. App.3d 326, 332–33, 206 Cal.Rptr. 609, 613 (1984). Thus, regardless of any subjective intent to injure, these courts hold an adult's sexual molestation of a child is excluded from insurance coverage as a matter of law. This has become the majority rule nationwide. *See, e.g., Lehmann v. Metzger,* 355 N.W.2d 425, 426 (Minn.1984).

Allen relies on *S.S. and G.W. v. State Farm and Casualty,* 808 S.W.2d 668 (Tex. App.—Austin 1991), *aff'd, State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 379 (Tex. 1993), for the proposition that intent cannot be inferred as a matter of law in cases involving sexual misconduct with a child. Allen's reliance on this case is misplaced. In *State Farm,* a woman sued a man with whom she had engaged in sexual intercourse and from whom she had contracted genital herpes. The two entered into an agreed settlement and tried to collect under the man's homeowners' insurance policy. State Farm claimed coverage was excluded under the intentional injury provision of the policy. State Farm further argued intent to harm could be inferred from the insured's intentional act of engaging in sexual intercourse without informing the woman he was infected with genital herpes.

The Texas Supreme Court rejected this argument because there was evidence the man did not know he was contagious. How-ever, it distinguished that case from those involving the sexual molestation of a child. The Court discussed the concept of inferring intent as a matter of law, setting forth the rationale underlying the doctrine, and distinguishing the facts in *State Farm* from those involving sexual misconduct with a child. *Id.* at 379 (discussing origin of rule and citing numerous cases from other jurisdictions). Thus, we conclude *State Farm* is not applicable in this context.

Allen also argues Metcalfe's subjective intent should be the focus of any inquiry regarding his intent to injure Allen when he molested him. He states expert affidavit testimony presented at the hearing indicated that many child molesters suffer from personality and psychological disorders, including pedophilia, narcissistic or dependent personality disorders, or impulse control disorders. Many also rationalize their behavior as teaching or helping the child, or believe that the child initiated the contact. Consequently, Allen argues that many offenders are not aware of the effect of their acts and the harm they are causing. Therefore, they are incapable of intending to inflict injury.

■ We reject this argument for three reasons. First, the expert's affidavit is not part of the appellate record, but is attached to Allen's brief. We cannot consider documents attached to briefs, unless they were before the trial court and are part of the record. TEX.R.APP.P. 50(d); *Mitchison v. Houston ISD,* 803 S.W.2d 769, 771 (Tex. App.—Houston [14th Dist.] 1991, writ denied). Second, although the expert testified about these various disorders, he did not testify that Metcalfe suffered from one of these disorders, or that he was unaware of the consequences of his act. Third, this type of evidence focuses on the *subjective* intent of Metcalfe, an approach already rejected by two Texas courts of appeals and the majority of other jurisdictions which have adopted the inferred intent rule. *See Maayeh,* 850 S.W.2d at 196; *Gandy,* 880 S.W.2d at 139–140.

■ We also note the Federal District Court for the Western District of Texas concluded in *Roberts* that strong public policy considerations warranted a determination

that injuries resulting from sexual molestation are intentional and excluded from coverage under a standard homeowner's policy. First, the court concluded injuries resulting from sexual molestation are not a "risk contemplated by the parties" to the insurance policy. *Roberts,* 815 F.Supp. at 1007. Second, homeowner's policies are an inexpensive method of providing general coverage and allowing individuals to insure themselves against unforeseen *occurrences.* Without coverage, such occurrences might financially overwhelm individuals. If, however, courts expand coverage to include child molestation, the rates for all insured's would increase, and homeowners' policies would become too costly for a majority of the public. *Id.*

We adopt the inferred intent doctrine in cases involving the sexual molestation of a child. Therefore, Metcalfe's intent to injure was established as a matter of law. We overrule Allen's first and third points of error.

■ Allen also argues it is possible to have an occurrence or accident arising out of the intentional conduct of the insured. Allen contends Metcalfe did not intend to harm him by sexually molesting him, and sexual molestation is not so inherently injurious that injury is certain to follow. He concludes sexual molestation, as a contributing cause of the injury which ultimately occurred, should be treated as an accident or occurrence. This argument sidesteps the primary reason for inferring intent in a case like this: the degree of certainty that sexual molestation of a child will cause injury. We overrule Allen's second point of error.

■ In his final point, Allen alleges the trial court erred by granting summary judgment in favor of Farmers under umbrella liability policies issued to Metcalfe, which provide coverage for personal injuries including mental injury or injury arising out of humiliation, where the acts were not done with the intent to cause injury. He also contends the trial court erred by finding there was no coverage under those policies for injuries arising out of invasion of privacy.

This point is likewise without merit. All the policies contain provisions which exclude from coverage personal injury committed by the insured. Invasion of privacy is included within the policy's definition of the term "bodily injury." Metcalfe's intent was established as a matter of law. We overrule Allen's final point of error and affirm the judgment.

BARRON, J., not participating.