IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10261
Summary Calendar
_____


STATE FARM FIRE & CASUALTY
COMPANY,

                                              Plaintiff-Appellee,

                          versus

JAMES L. FRANKLIN, ET AL.,

                                              Defendants,

JAMES L. FRANKLIN and
TONYA JEAN FRANKLIN,

                                              Defendants-Appellants.

_____

Appeal from the United States District Court for the
Northern District of Texas
(6:94-CV-060-C)
_____
(October 10, 1995)

Before JOLLY, JONES, and STEWART, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:[*]

     In this declaratory judgment action, we are presented with the

primary question of whether under Texas law an insurance policy

clearly excluding coverage of claims against the insured for bodily

_____

     [*]Local Rule 47.5 provides:  "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the court has determined that this opinion
should not be published.

injury caused by the insured's intentional acts also precludes coverage of any claim against the insured based on his alleged sexual molestation of a minor and thereby releases the insurer from its duty to defend such a claim.

I

On February 7, 1994, Tonya Jean Franklin filed suit in Texas state court against her grandfather, James L. Franklin, alleging that he sexually molested her while she was a minor. In this action, Tonya Franklin contended that her injuries were caused by her grandfather's intentional conduct and also his negligence in failing to seek treatment for himself to prevent the molestation.

During the time of the alleged sexual molestation, State Farm Fire & Casualty Company ("State Farm") provided homeowner's insurance for James Franklin. The terms of this policy required State Farm to "pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury . . . and defend any suit against the Insured alleging such bodily injury." Based on this provision, James Franklin requested that State Farm provide his defense in the tort suit filed by Tonya Franklin. His homeowner's insurance policy, however, excluded coverage under this provision when the bodily injury was "caused intentionally by or at the direction of the Insured" and also released State Farm from defending the insured against any claim caused by such acts.

On October 26, 1994, State Farm filed the present suit in the United States District Court for the Northern District of Texas against James Franklin and Tonya Franklin, seeking a declaratory judgment under 28 U.S.C. § 2201, that it had no duty to defend James Franklin against Tonya Franklin's sexual molestation claims because of the "intentional injury" exclusion in the policy. In this action, State Farm additionally requested that it recover its attorneys' fees associated with the declaratory judgment action. On December 7, 1994, State Farm moved for summary judgment based on the intentional injury exclusion in the homeowner's insurance policy.[1] On December 29, 1994, the district court entered an order summarily granting summary judgment in favor of State Farm on the issue of its duty to defend and stated that State Farm was entitled to its attorneys' fees. The court, however, delayed final judgment pending resolution of all issues with regard to State Farm's attorneys' fees. On February 23, 1995, the court ordered that James Franklin and Tonya Franklin pay State Farm $1,858.75 in attorneys' fees and $429.21 in out-of-pocket expenses related to the declaratory judgment and entered final judgment in favor of State Farm.

On appeal, James and Tonya Franklin argue that the district court erred in granting summary judgment in favor of State Farm with regard to State Farm's duty to defend James Franklin in the

---

[1]Neither James Franklin nor Tonya Franklin responded to this motion.

underlying state court suit and additionally erred in awarding State Farm attorneys' fees and other expenses. James and Tonya Franklin contend that an allegation of sexual abuse by a minor does not constitute an intentional injury as a matter of law, necessarily excluding coverage under the insurance policy. Thus, they argue that Tonya Franklin's negligence claim against James Franklin is a covered claim under the State Farm policy requiring State Farm to defend James Franklin in the underlying state court tort action.

## II

### A

We review the district court's grant of summary judgment de novo. Davis v. Illinois Central R.R., 921 F.2d 616, 617-18 (5th Cir. 1991). Summary judgment is appropriate if the record discloses "that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

In Commercial Union Ins. v. Roberts, 7 F.3d 86 (5th Cir. 1993), an insured adult requested that his insurance company provide a defense for him against a minor's allegation of sexual molestation. Commercial Union Ins., 7 F.3d at 87. The insured's insurance carrier brought suit against the insured and the minor seeking a declaration that it had no duty to defend the insured based on an intentional injury exclusion in the insurance policy-- identical to that found in James Franklin's policy. Id. Upholding

the district court's summary judgment in favor of the insurer, we held that an adult's "intent to injure may be inferred as a matter of law in cases involving sexual contact between a child and an adult" regardless of the subjective intent of the adult. Id. at 88; see Allen v. Automobile Ins. Co., 892 S.W.2d 198, 199 (Tex. Ct. App. 1994) (holding "[s]exual molestation is an intentional injury as a matter of law"). Thus, we concluded that the insured's actions fell within the "intentional injury" exclusion in his insurance policy, precluding coverage. Id.

Here, James Franklin is accused of sexually molesting a minor and his insurance policy clearly excludes coverage for bodily injury caused by intentional acts of the insured and also releases State Farm from the obligation of defending the insured against claims based on these intentional acts. Accordingly, we find this case indistinguishable in all respects from Commercial Union Insurance. We therefore hold that the allegations of sexual molestation by the minor Tonya Franklin against James Franklin are as a matter of law excluded under the "intentional injury" exclusion from his insurance coverage and thus State Farm has no duty to defend James Franklin against these allegations.[2]

---

[2]Based on C.T.W. v. B.C.G., 809 S.W.2d 788 (Tex. Ct. App. 1991), James and Tonya Franklin argue that Texas recognizes a claim for negligence based on the sexual molestation of a minor and thus contend that Commercial Union Insurance was improperly decided because it failed to consider C.T.W.. In essence, James and Tonya Franklin are asking us to overrule Commercial Union Insurance. Not only are we bound to follow this well-reasoned case, we find C.T.W. inapplicable to the facts here as C.T.W. did not involve an issue

Accordingly, we hold that summary judgment in favor of State Farm is appropriate on the question of its duty to defend and affirm the district court as to this issue.

We now turn to decide whether State Farm is entitled to its attorneys' fees and other expenses from James and Tonya Franklin.

B

We review the district court's award of attorney's fees for abuse of discretion and the supporting factual findings for clear error. Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993).

Here, State Farm filed suit and requested attorney's fees under the Declaratory Judgments Act, 28 U.S.C. § 2201. The Declaratory Judgments Act does not explicitly provide for payment of attorney's fees to the prevailing party, but, under § 2202, does award "[f]urther necessary or proper relief based on a declaratory judgment." We have interpreted this provision to authorize attorney's fees in a diversity action, such as here, where applicable state law would otherwise allow them. Mercantile Nat'l Bank v. Bradford Trust Co., 850 F.2d 215, 218 (5th Cir. 1988). Section 37.009 of the Texas Civil Practice and Remedies Code provides that in a declaratory judgment action, the court "may award costs and reasonable and necessary attorneys' fees as are

---

of insurance coverage, but rather quite simply the liability of the adult for sexually molesting the child. The issues of coverage and liability are separate and distinct. See Hargis v. Maryland Am. Gen. Ins. Co., 567 S.W.2d 923, 927 (Tex. Ct. App. 1978) (holding that judgments of liability are not binding on insurer in determining question of coverage).

equitable and just." TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 19___). An award under § 37.009 lies within the sound discretion of the trial court and will not be overturned absent a clear showing that the decision was arbitrary or unreasonable. Oake v. Collin Co., 692 S.W.2d 454, 455 (Tex. 1985).

The district court awarded State Farm attorneys' fees after properly considering the factors and following the guidelines set out in Johnson v. Georgia Highway Express, 488 F.2d 714, 717 (5th Cir. 1974). For this reason, we hold that the district court's award of attorneys' fees and expenses to State Farm in this case was appropriate and reasonable.[3]

### III

For the foregoing reasons, the judgment of the district court is

A F F I R M E D.

---

[3]In fact, James and Tonya Franklin do not contend that the district court's award was arbitrary or unreasonable, but only argue, however incorrectly, that § 37.009 of the Texas Civil Practice and Remedies Code is a procedural, rather than a substantive, provision of Texas law and as such has no application in a federal diversity action. But see Gulf Union Ind., Inc. v. Formation Sec., Inc., 842 F.2d 762, 766 (5th Cir. 1988) (holding that award of attorney's fees is matter of substantive Texas law); Shelak v. White Motor Co., 636 F.2d 1069, 1072 (5th Cir. 1981) (characterizing issue of awarding attorney's fees under Texas law as substantive).