

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-11-00241-CV

PAUL LAIR, JR.                                       APPELLANT

V.

TIG INDEMNITY COMPANY                   APPELLEE

----------

## FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Paul Lair, Jr., appeals the trial court's order granting summary judgment for Appellee TIG Indemnity Company on Lair's claims against it. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## Background Facts

Lair was employed at The Children's Courtyard, a children's daycare. In 2009, two parents of children who attended the daycare sued Lair and The Children's Courtyard alleging that Lair sexually assaulted and engaged in unlawful sexual contact with their children in 2001 while Lair was working at the daycare.[2] At the time of the alleged assaults, The Children's Courtyard was insured under a commercial general liability policy with TIG. Lair sued TIG in 2010 seeking a declaration that he, as an "additional insured" under The Children's Courtyard's policy, is entitled to a defense and indemnification for the claims in the underlying suit.

TIG filed a traditional and no evidence motion for summary judgment, arguing that there was no evidence that Lair is entitled to coverage under the policy and that the underlying claims are excluded by the plain language of the policy. The trial court granted TIG's motion. This appeal followed.

## Standard of Review

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp*

---

[2]The parents sued Lair for negligence, gross negligence, assault, and abuse.

2

*Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c).

**Discussion**

In Lair's first issue he argues that the pleadings allege claims covered by the insurance policy, and in his second issue, he argues that TIG therefore owes him a duty to defend.

The duty to defend arises if the factual allegations against the insured, when fairly and reasonably construed, state a cause of action potentially covered by the policy. *See Cullen/Frost Bank v. Commonwealth Lloyd's Ins. Co.*, 852 S.W.2d 252, 255 (Tex. App.—Dallas 1993), *writ denied*, 889 S.W.2d 266 (Tex. 1994). If a petition against an insured alleges only facts that are not covered by the policy, the insurer is not required to defend. *See id.* If the underlying petition does not state factual allegations sufficient to invoke the duty to defend, then even proof of all those allegations could not invoke the insurer's duty to indemnify. *See Reser v. State Farm Fire & Cas. Co.*, 981 S.W.2d 260, 263 (Tex. App.—San Antonio 1998, no pet.); *see also Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex.1997).

3

Lair argues that he is an insured under the policy because the plaintiffs in the underlying suit alleged that he was acting within the course and scope of his employment. The commercial general liability policy includes in its definition of an "insured" "'employees' . . . , but only for acts within the scope of their employment by [The Children's Courtyard] or while performing duties related to the conduct of [The Children's Courtyard's] business."

Assaults on third parties are rarely considered to be within the scope of one's employment unless it "was so connected with and immediately arising out of authorized employment tasks as to merge the task and the assaultive conduct into one indivisible tort imputed to the employer." *Buck v. Blum*, 130 S.W.3d 285, 289 (Tex. App.—Hous. [14th Dist.] 2004, no pet.). For instance, in *Frito-Lay, Inc. v. Ramos*, 770 S.W.2d 887 (Tex. App.—El Paso 1989), *rev'd on other grounds*, 784 S.W.2d 667 (Tex.1990), the court reasoned that a factfinder could find that the employee was acting within the scope of his employment when he assaulted the customer while trying to retrieve company property. There is no evidence in the record that Lair, in allegedly assaulting the children, was performing any function related to his duties as an employee of The Children's Courtyard. *See Mackey v. U.P. Enters., Inc.*, 935 S.W.2d 446, 453 (Tex. App.—Tyler 1996, no writ) ("[W]hen the servant turns aside, for however a short time, from the prosecution of the master's work to engage in an affair wholly his own, he ceases to act for the master, and the responsibility for that which he does in pursuing his own business or pleasure is upon him alone."). Lair was not acting within the

4

scope of his employment by or performing duties related to The Children's Courtyard's business when he committed the alleged sexual assault. *See id.* at 454 (defendant employees were not acting within the scope of their employment when sexually assaulting plaintiff). He therefore does not fall under the definition of an "insured" under TIG's insurance policy. *See Sylvester v. Dallas Fire Ins. Co.*, No. 04-97-00754-CV, 1998 WL 130341, at *2 (Tex. App.—San Antonio Mar. 25, 1998, pet. denied) (mem. op.) (holding as a matter of law that employee was not an insured for purposes of triggering insurance company's duty to defend when there was "no factual connection" between employee's sexual assault and his job).

Even if Lair were considered an insured under the policy, two exclusions would apply to exclude his claims under the policy. First, the Texas Abuse and Molestation Exclusion of the policy states that "[t]his insurance does not apply to 'bodily injury,' 'property damage,' 'advertising injury[,]' or 'personal injury' arising out of . . . [t]he actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured . . . ." The Exclusion defines abuse as "an act which is committed with the intent to cause harm."

"[A]n insured intends to injure or harm another if he intends the consequences of his act, or believes they are substantially certain to follow." *State Farm Fire & Cas. Co. v. S.S. & G.W.*, 858 S.W.2d 374, 378 (Tex. 1993). Ordinarily, intent to injure is a question of fact. *Id.* However, certain conduct is so extreme or outrageous that intent to injure may be inferred as a matter of law.

5

*See S.S. & G.W. v. State Farm Fire & Cas. Co.*, 808 S.W.2d 668, 670–71 (Tex. App.—Austin 1991), *aff'd*, 858 S.W.2d 374 (Tex. 1993).  Sexual assault of a child has been considered to be of the type of extreme or outrageous conduct for which intent to harm may be inferred.  *See Allen v. Auto. Ins. Co. of Hartford Conn.*, 892 S.W.2d 198, 201 (Tex. App.—Hous. [14th Dist.] 1994, no writ); *Maayeh v. Trinity Lloyds Ins. Co.*, 850 S.W.2d 193, 196 (Tex. App.—Dallas 1992, no writ).  We can infer that Lair intended to cause harm by his alleged sexual assault on the children, and thus the Texas Abuse and Molestation Exclusion would apply to exclude Lair's alleged acts.  *See Maayeh*, 850 S.W.2d at 197 (holding that insurer had no duty to defend because the policy excluded bodily injury "caused intentionally by or at the direction of the insured" and insured's intent to injure in a sexual assault on a child could be inferred as a matter of law).

Second, the Sexual Molestation Form of the policy covers "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' caused by a 'sexual abuse occurrence.'"  However, the Form excludes

> 1.  An additional insured, or any person or entity indemnified under any insured contract, if the employee(s), agent(s), representative(s) or volunteer worker(s) of such additional insured or indemnified person or entity actually or allegedly committed, or participated in any respect, in a "sexual abuse occurrence."
>
> . . . .

6

4. Any person who participated in, directed[,] or knowingly allowed any "sexual abuse occurrence."[3]

The Form defines those who are insured as including "employees . . . , but only for acts within the scope of their employment by [The Children's Courtyard] or while performing duties related to the conduct of [The Children's Courtyard]." As we held above, Lair was not acting within the scope of his employment when he allegedly assaulted the children. Thus, Lair's alleged acts would be excluded from the Sexual Molestation Form.

Because Lair's alleged acts are not covered by the insurance policy, TIG does not owe Lair a duty to defend. We overrule Lair's first and second issues.

## Conclusion

Having overruled Lair's two issues on appeal, we affirm the trial court's judgment.

LEE GABRIEL
JUSTICE

PANEL: DAUPHINOT, MEIER, and GABRIEL, JJ.

DELIVERED: December 22, 2011

---

[3]The Form defines "sexual abuse occurrence" as "[a] single act, or multiple, continuous, sporadic, or related acts of sexual abuse or molestation caused by one perpetrator, or by two or more perpetrators acting together."