# NO. 12-20-00185-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE 328TH* |
| *L.R.S. AND F.O.S., III,* | § | *JUDICIAL DISTRICT COURT* |
| *CHILDREN* | § | *FORT BEND COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

F.O.S. appeals the trial court's default order establishing the parent-child relationship in a suit affecting the parent-child relationship. In his sole issue on appeal, F.O.S. argues that he failed to receive proper notice of the final hearing. We affirm.

## BACKGROUND

F.O.S. and L.A.B. are the parents of two children, L.R.S. and F.O.S., III. On January 24, 2020, the Attorney General of Texas filed a petition to establish the parent-child relationship and petition in suit affecting the parent-child relationship requesting orders for conservatorship, possession and access, and child support. The trial court ordered a hearing to take place on March 16, 2020. F.O.S. answered the petition on February 25, acknowledging that he received the petition and notice of hearing. He also affirmed that he was the children's father and requested that he be bench warranted for all proceedings.

On June 10, the trial court reset the original hearing date to June 29 to be conducted by a Zoom video conference. The Attorney General signed a certificate of service stating that F.O.S. was served a copy of the notice of hearing on June 8. After the hearing, the trial court signed a default order establishing the parent-child relationship noting that F.O.S., the father and obligor, "although duly notified, did not appear." The default order stated that a record of the proceedings was made by audio recording. In the default order, the trial court found that a parent-child relationship was established between F.O.S. and the children, L.R.S. and F.O.S., III., and that

1

F.O.S. had a duty to support the children. The trial court appointed L.A.B. as managing conservator of the children, and F.O.S. as possessory conservator. L.A.B., as the managing conservator, was given the exclusive right to designate the primary residence of the children without regard to geographic location. Because the trial court found that F.O.S. was subject to an order of confinement that exceeded ninety days, the wage and salary presumption did not apply to him, and the trial court did not order child support, medical support, or dental support. This appeal followed.

<u>**DEFAULT ORDER**</u>

In his sole issue on appeal, F.O.S. argues that the Attorney General and officials at the Texas Department of Criminal Justice violated his due process rights under the Texas Constitution by "fabricating" the certificate of service stating that he was served a copy of the notice of hearing. In other words, he contends that he failed to receive proper notice of the June 29, 2020 hearing. However, the Attorney General argues that F.O.S. did not file a motion for new trial, a requirement to preserve error for appellate review of a default judgment. We agree.

A default judgment should be set aside and a new trial granted if (1) the failure to answer was not intentional or the result of conscious indifference but was due to a mistake or accident, (2) the defendant sets up a meritorious defense, and (3) the motion is filed at such time that granting a new trial would not result in delay or otherwise injure the plaintiff. *In re R.R.*, 209 S.W.3d 112, 114–15 (Tex. 2006) (citing *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (Tex. 1939)). These *Craddock* requirements apply to post-answer default judgments. *See Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009). Once a defendant has made an appearance in a cause, he is entitled to notice of the trial setting as a matter of due process under the Fourteenth Amendment to the federal constitution. *LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390-391 (Tex. 1989) (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84-85, 108 S. Ct. 896, 899, 99 L.Ed.2d 75 (1988)).

In this case, F.O.S. filed an answer to the Attorney General's petition and was entitled to notice of the trial hearing. He stated in his brief that he was notified of the March 16, 2020 trial setting. However, F.O.S. argues that he did not receive notice of the subsequent trial settings for June 8 and June 29. As evidence, he asks this court to review the documents attached to his brief including an "I-60" document seeking assistance in verifying receipt of legal mail, a

"handwritten" copy of a certified mail envelope, and a Step 1 Offender Grievance form. But these documents were not filed with the trial court and do not appear in the clerk's record. Texas Rule of Appellate Procedure 34.1 states that the appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record.[1] TEX. R. APP. P. 34.1. An appellate court cannot consider an item that is not a part of the record on appeal. *Kaman v. State*, 923 S.W.2d 129, 132 (Tex. App.—Houston [1st Dist.] 1996, no pet.). Further, we cannot consider documents attached to briefs unless they were before the trial court and are part of the record. *Allen v. Auto. Ins. Co.*, 892 S.W.2d 198, 200 (Tex. App.—Houston [14th Dist.] 1994, no writ). Because the documents attached to F.O.S.'s brief were not a part of the record, we cannot consider them on appeal.

If F.O.S. did not receive notice of a trial setting, he satisfies the first prong of *Craddock*. *See Ashworth v. Brzocka*, 274 S.W.3d 324, 329 (Tex. App.—Houston [14th Dist.] 2008, no pet.). But there is no indication in the record that F.O.S. raised this asserted lack of notice to the trial court or offered any proof in support. Therefore, the issue is waived. *See Evans v. Linares*, No. 14-14-00468-CV, 2015 WL 1874232, at *2 n.5 (Tex. App.—Houston [14th Dist.] Apr. 23, 2015, pet. dism'd w.o.j.) (mem. op.); *Williams v. Bayview–Realty Assocs.*, 420 S.W.3d 358, 364, 366 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (holding party failed to preserve error by not raising complaint based on a lack of notice in the trial court and obtaining an adverse ruling).

Nonetheless, F.O.S. received notice of the June 29, 2020, default order on July 6, but did not file a motion for new trial. A motion for new trial shall be filed prior to or within thirty days after the judgment or other order complained of is signed. TEX. R. CIV. P. 329b(a). From the evidence, F.O.S. was aware of the default judgment within the thirty-day period in which to file a motion for new trial. Further, "[a] motion for new trial to set aside a default judgment is a complaint on which evidence must be heard." *Puri v. Mansukhani*, 973 S.W.2d 701, 715 (Tex. App.—Houston [14th Dist.] 1998, no pet.). By not filing a motion for new trial, F.O.S. did not

---

[1] As noted above, a record of the proceedings was made by audio recording and there is no reporter's record in the appellate record. The appellant bears the burden to bring forward on appeal a sufficient record to show the error committed by the trial court. *Huston v. United Parcel Serv., Inc.*, 434 S.W.3d 630, 636 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (citing *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.)); *see also Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (per curiam) ("The burden is on the appellant to see that a sufficient record is presented to show error requiring reversal."). In the absence of a reporter's record, "[w]e indulge every presumption in favor of the trial court's findings." *Bryant v. United Shortline Inc. Assur. Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998); *see also Willms v. Am. Tire Co.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied) ("[W]hen an appellant fails to bring a reporter's record, an appellate court must presume the evidence presented was sufficient to support the trial court's order.").

introduce any evidence extrinsic to the record to support his satisfaction of any of the ***Craddock*** factors. *See **Evans***, 2015 WL 1874232, at \*3-4. The existing record is devoid of any evidence bearing on the ***Craddock*** factors to support his claim that he did not receive proper notice of the final hearing. Therefore, a motion for new trial was essential to F.O.S. introducing the extrinsic evidence needed to satisfy his burden that he did not receive notice of the June 29, 2020, final hearing. *See **Onwubuche v. Olowolayemo***, No. 01-10-00945-CV, 2012 WL 1067950, \*2 (Tex. App.—Houston [1st Dist.] Mar. 29, 2012, no pet.) (mem. op.) ("Because the defaulting party has the burden to show that the elements of the ***Craddock*** test are satisfied, ... the defaulting party must put forward any necessary evidence on these issues; typically a motion for new trial is the vehicle for offering such evidence into the record."); ***Harris v. Burks***, No. 01-06-00128-CV, 2007 WL 1776048, \*2 (Tex. App.—Houston [1st Dist.] June 21, 2007, no pet.) (mem. op.) ("[C]omplaints regarding a trial court's failure to set aside a default judgment must be raised in a motion for new trial because the trial court must hear evidence to determine whether the ***Craddock*** factors have been met.").

"When extrinsic evidence is necessary to challenge a default judgment," as is the case here, "a motion for new trial filed in the trial court is a prerequisite to complaining on appeal that it should be set aside." ***Mamou v. Sias***, No. 14-10-01154-CV, 2011 WL 2803437 at \*2 (Tex. App.—Houston [14th Dist.] July 19, 2011, no pet.) (mem. op.) (holding party waived appellate review of complaint that default judgment was entered without proper notice of the trial when party failed to file a motion for new trial); *see also **Ginn v. Forrester***, 282 S.W.3d 430, 432 (Tex. 2009) (per curiam) ("When extrinsic evidence is necessary to challenge a judgment, the appropriate remedy is by motion for new trial ... so that the trial court has the opportunity to consider and weigh factual evidence."). Because F.O.S. failed to file a motion for new trial and introduce evidence on the ***Craddock*** factors, he has waived appellate review that the default judgment should be set aside. *See **Evans***, 2015 WL 1874232, at \*3-4 ***Mamou***, 2011 WL 2803437 at \*2; *see also* TEX. R. CIV. P. 324(b)(1) (providing that a motion for new trial is a prerequisite to assert on appeal a complaint on which evidence must be heard). Therefore, we overrule F.O.S.'s sole issue on appeal.

**DISPOSITION**

Having overruled F.O.S.'s sole issue, we ***affirm*** the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered March 10, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 10, 2021**

**NO. 12-20-00185-CV**

**IN THE INTEREST OF L.R.S. AND F.O.S., III, CHILDREN**

Appeal from the 328th District Court
of Fort Bend County, Texas (Tr.Ct.No. 20-DCV-270764)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*