**TIERRA DRILLING CORPORATION,**
**Appellant,**

**v.**

**Dan Trace DETMAR, Appellee.**

**No. 13–83–385–CV.**

Court of Appeals of Texas,
Corpus Christi.

Feb. 29, 1984.

Rehearing Denied March 22, 1984.

John E. Williams, Jr., Houston, for appellant.

Houston Munson, Gonzales, for appellee.

Before NYE, C.J., and GONZALEZ and KENNEDY, JJ.

## OPINION

GONZALEZ, Justice.

This is an appeal from a judgment for damages as a result of an on-the-job assault on appellee. The sole issue on appeal is whether the evidence supports a jury finding that the attack occurred while the

assaulting employee was acting in the course and scope of his employment with appellant. We reverse and render a take-nothing judgment.

\* \* \* FACTS \* \* \*

Appellee and John Warren were employees of appellant, Tierra Drilling Corporation. Warren was appellee's immediate supervisor. On January 27, 1982, while the two were eating lunch in the company's trailer next to the drilling rig, the assault occurred. The assault was witnessed by a third employee, Charles Fields.

Both appellee and Fields disclaimed any prior difficulties with Warren; Fields describing him as a demanding supervisor, but a quiet man; appellee describing him as hard to talk to and not open to conversation. Concerning the assault, appellee testified that Warren stated "I don't like Texans," or "I ain't never met a Texan I could get along with." Appellee responded that "There is a million Texans, and there is only one of you," meaning that "the whole army can't be out of step." Warren took offense and started hitting appellee with a claw hammer. Appellee sustained severe injuries to his head and leg and filed suit against Warren and appellant. Warren did not file an answer nor did he appear for trial. In response to a special issue, the jury found that at the time of the assault, Warren "was engaged in the service of Tierra Drilling Corporation and in furtherance of its business." Judgment was rendered thereon against Warren and Tierra Drilling, jointly and severally, for $17,861. Only Tierra appealed.

\* \* \* ISSUES ON APPEAL \* \* \*

Among other things, appellant alleges that the evidence is legally and factually insufficient to support the judgment and that the court erred in refusing to grant its motion for judgment n.o.v.

The principal question in this case is whether Warren, in striking appellee, was acting within the scope of his employment. In considering a "no evidence" or "insufficient evidence" point of error, this Court follows the well established test set forth in *Glover v. Texas General Indemnity Co.,*

619 S.W.2d 400 (Tex.1981); *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965); *Allied Finance Co. v. Garza,* 626 S.W.2d 120 (Tex. Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.); CALVERT, *No Evidence and Insufficient Evidence Points of Error,* 38 Tex.L.Rev. 361 (1960).

■ After carefully examining the record, and indulging every legitimate conclusion from the evidence in favor of appellee, we are of the opinion there is no evidence to support a finding that in assaulting appellee, Warren was acting within the scope of his employment or in pursuance of his duties or in the furtherance of Tierra's business. *See Texas & Pacific Ry. Co. v. Hagenloh,* 151 Tex. 191, 247 S.W.2d 236 (1952). As stated by the Supreme Court in *Hagenloh:*

The case is one of assault by an employee, and the ultimate question is whether the employer should be held responsible for the consequences of the assault. It is not ordinarily within the scope of a servant's authority to commit an assault on a third person. 57 C.J.S., Master and Servant § 575, page 341. And the cases in which liability has been imposed upon the master for assault by his servant are comparatively few. Usually assault is the expression of personal animosity and is not for the purpose of carrying out the master's business.

247 S.W.2d at 239.

To show that Warren was acting within the scope of his duties, appellee established that Warren was the immediate supervisor of the rig. The rig was idled, and Warren, normally the toolpusher, was merely watching over the rest of the crew and supervising them in maintaining the rig and keeping a round-the-clock guard on the rig. Warren made various work assignments, had control of when the men would take their meals or breaks, and fixed the duration and sequence of their tours. It was also established that even drinks of water and trips to the restroom were all under his watchful eye. Nevertheless, we hold that none of the above is any evidence

that Warren acted in the furtherance of the interests of Tierra by assaulting appellee.

 In *Texas & Pacific v. Hagenloh,* the Court set out an exception to the general rule that a master is not liable for the tort of his servant.

The nature of the employment may be such as necessarily to involve at times the use of force, as where the employee's duty is to guard the employer's property and to protect it from trespassers, so that the act of using force may be in furtherance of the employer's business, making him liable even when greater force is used than is necessary.

247 S.W.2d at 239. Here, there was no evidence to invoke the exception, for the use of force was in no way related to the business of tending appellant's rig. Appellant's safety manager testified that Tierra Drilling never authorized any employee to use force on another employee. For the exception to apply, "the act must be done within the scope of the general authority of the servant. It must be done in furtherance of the master's business, and for the accomplishment of the object for which the servant is employed." *Id.* at 239–240. Here, there was no close relationship between the assault and the performance of the duties of the employment.

 Notwithstanding the above, the rule of *Galveston, H. & S.A. Ry. Co. v. Currie,* 96 S.W. 1073 (Tex.1906), would also require reversal of the judgment of the trial court. The rule announced in that case is that "when the servant turns aside, for however short a time, from the prosecution of the master's work to engage in an affair wholly his own, he ceases to act for the master, and the responsibility for that which he does in pursuing his own business or pleasure is upon him alone." 247 S.W.2d at 241 (quoting 96 S.W. at 1074). We hold that in assaulting appellee, Warren was pursuing his own interests. Appellant's first and fourth points of error are sustained. Tex. R.Civ.P. 434.

Since these two points of error dispose of the appeal, it is unnecessary to address the other points of error.

The judgment of the trial court imposing joint and several liability upon Tierra Drilling is reversed and judgment here rendered that as against Tierra Drilling, appellee take nothing by his suit.