**Don C. RESER, Appellant,**

v.

**STATE FARM FIRE & CASUALTY COMPANY, Appellee.**

No. 04–97–00145–CV.

Court of Appeals of Texas, San Antonio.

June 24, 1998.

Rehearing Overruled July 31, 1998.

Opinion Supplementing Decision on Overruling of Rehearing Aug. 26, 1998.

---

Thomas B. Black, San Antonio, J. Ken Nunley, James M. Hill, Jr., Nunley & Jolley, L.L.P., Boerne, for Appellant.

Lori M. Cliffe, David V. Jones, Jones, Kurth & Andrews, P.C., San Antonio, for Appellee.

Before RICKHOFF and STONE, JJ., and DUNCAN, J., (concurring in the judgment only).

## OPINION

STONE, Justice.

Appellant, Don Reser, was sued on numerous grounds by a former business client, Central Park Mall Joint Venture [CPMJV]. The suit initially included defamation allegations, which were potentially within the coverage of Reser's insurance policy with State Farm, as well as numerous other claims not within the coverage of Reser's policy. CMPJV subsequently amended its claim and eliminated the defamation allegations. State Farm withdrew its defense of Reser and refused to indemnify him once he settled with CPMJV. In this appeal we must decide whether an insurer's duty to indemnify its insured can exist, even if there is no corresponding duty to defend the insured. Under the facts of this case, we hold that the duty to indemnify does not exist in the absence of a duty to defend. Accordingly, we affirm the summary judgment granted in favor of State Farm.

### FACTUAL BACKGROUND

**Reser's Policy with State Farm**

At all times relevant to this litigation, Reser was a named insured in a homeowner's insurance policy and a personal liability umbrella policy issued by State Farm. The umbrella policy provided coverage for personal injury, defined in part as "libel, slander, defamation of character or invasion of rights of privacy." Excluded from coverage were losses caused by "providing or failing to provide any professional service," and losses "caused by your business operations...." The parties agree that the policy provided State Farm with a discretionary right to defend rather than mandatory duty to defend.

## The Underlying Suit

CPMJV and State Realty Company, a real estate broker, entered into an agreement with attorneys Don Reser and John McCracken to assist in the sale of Central Park Mall. Reser and McCracken were to assist in finding a buyer for the mall and would be compensated for doing so. A dispute arose about whether Reser fulfilled his obligation under the agreement, and he subsequently sued CPMJV to recover a finder's fee. In that suit, CPMJV filed a counterclaim against Reser alleging defamation and harm to reputation, breach of contract, breach of fiduciary duty, fraud, tortious interference, legal malpractice, and violations of the Texas Deceptive Trade Practices Act.

Reser's insurer, State Farm, assumed Reser's defense of the CPMJV counterclaim under a reservation of rights. By written notice State Farm reserved its right to withdraw from the defense depending on whether the suit stemmed from Reser's business pursuits, which would not be covered under the policy. State Farm also indicated in its reservation of rights letter that "[t]here is a question as to whether or not the loss involves personal injury ... as defined by the policy."

CPMJV later filed an amended counterclaim in which it deleted all reference to the defamation and harm to reputation allegations. Approximately six months later, State Farm withdrew its defense of Reser because State Farm determined that the remaining causes of action in the counterclaim were not covered under the policy. Soon thereafter, Reser settled the lawsuit with CPMJV. The settlement agreement entitled Reser to receive $1,351,360.50 from CPMJV, offset by $475,000 in consideration of CPMJV's counterclaim.

## The Instant Lawsuit

Following the settlement with CPMJV, Reser brought the suit now on appeal against State Farm alleging breach of contract and numerous extracontractual and statutory claims. The trial court severed out the breach of contract claim, which included alle-

gations that State Farm breached its duties to defend and indemnify by withdrawing its defense of the CPMJV counterclaim. The non-contractual claims were abated and the case proceeded on the contract claim only.

## State Farm's Motion for Summary Judgment

State Farm sought summary judgment on the following grounds: 1) the claims were excluded by the business pursuits and/or professional services exclusions of the policy; 2) there was no duty to defend or to provide coverage; 3) there was no duty to settle CPMJV's claims because liability was not reasonably clear; and 4) Reser did not incur a "net loss" under the policy.[1] In support of its motion, State Farm submitted as summary judgment evidence copies of the pleadings and settlement papers in the underlying Reser vs. CPMJV litigation, the deposition of Reser in which he acknowledged that the services he performed for CPMVJ were performed in his capacity as a lawyer, the insurance policies in issue, and a transcription of a telephone conversation between Reser's attorney in the CPMJV litigation and another individual. State Farm contended the conversation established that Reser did not incur a net loss when he settled the CPMJV claim.

## Reser's Motion for Summary Judgment

Reser also sought summary judgment, solely on the issues of coverage and amount of loss. He claimed the policy provided coverage against CPMJV's claims, contending that CPMJV's amended counterclaim did not delete the factual and legal allegations complaining of defamation, harm to reputation, and invasion of privacy, as well as the claim for damages resulting from such alleged conduct. Reser further asserted that the "basic facts constituting CPMJV's claim for damages for harm to its business reputation were the same facts in both the original and amended counterclaims." Finally, Reser contended the business pursuits exclusion did not apply because his conduct relating to defamation and invasion of privacy allegations took place after Reser's business relationship with CPMJV concluded. Reser's

---

1. State Farm also sought summary judgment on the ground that it had the option, but not the duty, to defend Reser. This ground was denied by the trial court and it is not an issue on appeal.

summary judgment evidence included affidavits from Reser and one of his attorneys, Joyce Moore, asserting that during private conversations after Reser had broken ties with CPMJV, Reser called the principals of CMPJV "crooks" and "criminals." Because these defamatory comments were made in private settings after his business relationship with CPMJV had terminated, Reser argued that the business pursuits exclusion did not apply.

### Argument and Authorities

#### Standard of Review

Since both parties moved for summary judgment and the trial court denied one motion and granted the other, we review all the summary judgment evidence presented and resolve all the questions presented to the trial court. *See Commissioners Court of Titus County v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997); *Holmes v. Morales*, 924 S.W.2d 920, 922 (Tex.1996); *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988). The parties' motions raised three questions: (1) whether CPMJV's amended counterclaim stated claims within the State Farm coverage; (2) whether the business pursuits exclusion precluded coverage; and (3) whether Reser suffered a net loss, compensable under the terms of the policy. The trial court answered each of these questions in the negative. On appeal, we should render the judgment the trial court should have rendered. *See Agan*, 940 S.W.2d at 81; *Morales*, 924 S.W.2d at 922; *Strauss*, 745 S.W.2d at 900.

#### Coverage

■ The issue of coverage necessarily includes consideration of the duty to defend and the duty to indemnify. However, the duty to defend and the duty to indemnify are two "distinct and separate duties." *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 821–22 (Tex.1997). Generally, the factual allegations in the petition and the policy language trigger the duty to defend. *Id.* at 821 (citing *American Physicians Ins. Exch. v. Garcia*, 876 S.W.2d 842, 847–48 (Tex.1994)). This duty is unaffected by facts ascertained before suit, developed in trial, or by the ultimate outcome of the case. *See Argonaut Southwest Ins. Co. v. Maupin*, 500 S.W.2d

633, 635–36 (Tex.1973). Unlike the duty to defend, the duty to indemnify only arises after an insured has been adjudicated, whether by judgment or settlement, to be legally responsible for damages in a lawsuit. *Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co.*, 387 S.W.2d 22, 25 (Tex.1965). Even though we do not look at the specific legal theories alleged to determine the duty to indemnify, if the underlying petition does not raise factual allegations sufficient to invoke the duty to defend, then even proof of all of those allegations could not invoke the insurer's duty to indemnify. *See Farmers Texas County Mutual Ins. Co. v. Griffin*, 955 S.W.2d 81, 82–83 (Tex.1997); *see E & L Chipping Co., Inc. v. Hanover Ins. Co.*, 962 S.W.2d 272, 274–75 (Tex.App.—Beaumont 1998, n.w.h.) (duty to defend is broader than duty to indemnify). Therefore, we must review the factual allegations contained in the pleadings to determine whether State Farm owed a duty to defend or a duty to indemnify.

CPMJV's counterclaim originally included Paragraph IX entitled "DEFAMATION AND HARM TO REPUTATION," which alleged that Reser defamed CPMJV orally and in writing by publishing false disparaging statements. CPMJV further alleged that the defamation exposed CPMJV to public hatred, ridicule, or financial injury and impeached its honesty, integrity, virtue, or reputation. The parties agree that this claim for defamation and damage to reputation would normally come within the policy's coverage if no exclusions applied. The parties disagree about whether the business pursuits exclusion applies.

■ CPMJV amended its counterclaim and omitted the Paragraph IX defamation claim. State Farm determined that the remaining causes of action were not covered by the policy and withdrew from Reser's defense. As State Farm correctly points out, we determine State Farm's duty by looking to the most recent pleading before the court. *See, e.g., Garcia*, 876 S.W.2d at 848. None of the legal theories alleged in the amended counterclaim triggered State Farm's duty to defend. Nevertheless, our analysis must

continue. We must also decide whether the factual allegations in the petition invoke the duty to indemnify.

The factual allegations in the counterclaim do not give rise to State Farm's duty to defend or the duty to indemnify. Paragraph 2.8 of the factual allegations reads in pertinent part, "At all times material to this lawsuit RESER was and is an attorney at law believed to be licensed in the State of Texas to practice law." In addition, all the factual allegations involve Reser's conduct surrounding the attempted sale of Central Park Mall. There are no specific factual allegations indicating when or to whom any defamatory comments were made. Neither the original nor the amended counterclaim ever state the substance of the defamatory remarks.[2] The amended counterclaim makes no mention of defamation and no allegation of conduct which would fall under State Farm's scope of coverage under the policy. Using the Supreme Court's test in *Griffin*, even if all the factual allegations of the counterclaim were proven, such proof would not invoke State Farm's duty to indemnify. *Griffin*, 955 S.W.2d at 82–83.

Reser contends that *Griffin* and other "duty to defend" cases are inapplicable because the issue in this case is the duty to indemnify, not the duty to defend. He further claims that despite the amendment of the counterclaim, the underlying facts of the case never changed, including the fact that Reser defamed the principals of CPMJV. Although Reser contends the amended counterclaim "retained the basic allegations relevant to defamation," he has not specified the basic allegations in the amended counterclaim to which he is referring. Reser's argument can be summarized as follows:

The duty to defend and the duty to indemnify are separate and distinct duties. Since case law instructs parties that insurance companies are bound by the facts, and not by the legal theories plead, State Farm is bound by the facts known to it, not by the deletion of a legal theory of recovery in the amended counterclaim. Reser claims that just as coverage cannot be created by alleging legal theories that would be within coverage, coverage cannot be defeated by eliminating causes of action that would be within coverage. Reser asserts that State Farm was aware of the underlying defamation facts; he thus concludes that the duty to indemnify still existed.

While the simplicity of Reser's argument is enticing, the argument cannot stand. As a practical matter, when a claim is asserted by a third party against an insured, the insurer will investigate and defend the claim if it determines the claim is potentially within coverage. The claim, however, must be asserted by the third party. It is not the duty of the insurer to point out to the third party that the facts discovered by the insurer during its investigation give rise to additional claims not asserted by the third party. Indeed, such a course of action would be adverse to both the insurer and its insured. In this case, the third party claim against Reser proceeded to litigation and was asserted in a counterclaim. Both Reser and State Farm were entitled to rely upon the counterclaim as a statement of the claims being asserted against Reser. *See Roark v. Allen*, 633 S.W.2d 804, 810 (Tex.1982) (petition intended to provide sufficient information to enable defendant to evaluate case and prepare defense). It was not State Farm's duty to inform CPMJV that the underlying and unplead facts potentially gave rise to a defamation claim, and that such a claim should be asserted in the counterclaim.[3] Thus, while State Farm had a duty to investigate the claim against Reser, the claimant—CPMJV—had the burden of stating its claim. CPMJV stated its claim in its amended counterclaim, and it did not include either facts or

---

2. From the record before us, it appears that the only information regarding the specifics of the defamatory remarks is contained in the affidavits of Reser and his attorney, Jocye Moore, which were submitted in support of Reser's motion for summary judgment. The record does not indicate whether State Farm was aware of these specifics before the affidavits were filed.

3. As previously noted, the record on appeal does not indicate that prior to the filing of Reser's motion for summary judgment State Farm knew of the defamation facts—that Reser called the CPMJV principals "crooks."

legal theories indicating that it was pursuing damages caused by defamation.

**Damages Sought**

Reser asserts that the defamation claim was still included in the amended counterclaim because the amount of damages sought in the original counterclaim and the amended counterclaim was the same. Reser contends that since the damages sought and the underlying facts remained the same, State Farm should have concluded that CPMJV was, in actuality, still presenting a defamation claim. The record does not support Reser's basic assumption that the amount of damages sought never changed. The original counterclaim sought damages as follows:

breach of contract—$7,300,000;

breach of fiduciary duty—$7,300,000;

violation of the duty of good faith and fair dealing—$7,300,000;

fraud—$7,300,000;

tortious interference—$15,000,000;

conspiracy—$7,300,000;

deceptive trade practices—$7,300,000;

defamation and harm to reputation $7,300,-000;

malpractice—$7,300,000;

loss of interest—$262,500;

harm to business reputation—$15,000,000;

decline in fair market or saleable value of mall—$15,000,000;

lost profits—$7,300,000;

lost time and energy of principals—$300,-000;

exemplary damages—$5,000,000 per defendant; and

attorneys fees—unspecified amount.

The amended counterclaim sought identical damages, except it no longer stated a defamation claim and no longer sought the $7,300,000 previously sought in the paragraph entitled "DEFAMATION AND HARM TO REPUTATION." Thus the amended counterclaim eliminated the defamation allegations and sought to recover $7,300,000 less than was sought in the original counterclaim. The trial court correctly determined that the live pleadings in the underlying Reser vs. CPMJV litigation on their face precluded coverage or were insuffi-cient to invoke coverage under the policy and that consequently State Farm had no duty to indemnify. *See Griffin,* 955 S.W.2d at 82; *cf. Consolidated Underwriters v. Loyd Richardson Const. Corp.,* 444 S.W.2d 781, 784 (Tex. Civ.App.—Beaumont 1969, writ ref'd n.r.e.) (pleading amendment which removes allegations that establish potential coverage terminates duty to defend). Summary judgment was properly granted on this basis.

**Business Pursuits Exclusions and Net Loss Requirement**

State Farm sought and obtained summary judgment on the additional basis that the claims asserted against Reser by CPMJV were excluded from coverage by the professional services and business pursuits exclusions. The policy excludes coverage for any loss "caused by providing or failing to provide a professional service" or "caused by your business operations or arising out of business property...." The policy defines "business" as "a trade, profession or occupation." In light of our disposition of the case on the coverage issue, we need not address the merits of the business pursuits exclusion. Likewise, we will not address the net loss provision of the policy, nor need we address Reser's motion for summary judgment.

**Conclusion**

In accordance with this opinion, we overrule Reser's points of error and affirm the judgment of the trial court.

SUPPLEMENTAL OPINION ON MOTION
FOR REHEARING

On July 31, 1998, appellant filed a letter brief in support of his previously-filed motion for rehearing. On the same date, but before receipt of the letter brief, this court issued its order denying appellant's motion for rehearing. In order to address the issue raised by the letter brief, the court now issues this supplemental opinion.

Appellant directs this court's attention to an order signed on September 7, 1994, in which Judge John D. Gabriel found as a matter of law that State Farm was "placed on notice of libel and slander allegations from the pleadings and letters, and that damages

were sought by the Jaffees." In light of this order, Reser complains of the notation in this court's original opinion that the appellate record does not clearly indicate whether State Farm was aware of the specific defamation facts before the summary judgments were filed.

Although the order signed by Judge Gabriel reveals that State Farm was aware of the Jaffees' defamation claim, State Farm's knowledge does not change the outcome of the instant case. Regardless of the extent of State Farm's knowledge of the defamation facts, the critical issue is what claims were actually asserted against State Farm's insured, Don Reser. As determined in the original opinion, Central Park Mall Joint Venture [CPMJV] had the burden of asserting its claim, and ultimately, in its amended counterclaim, CPMJV asserted neither facts nor legal theories stating a defamation claim. In the absence of a stated claim against its insured, State Farm was not obligated to defend its insured. Accordingly, appellant's motion for rehearing is overruled.