# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 99-11220

---

STANFORD TRADING COMPANY,

Plaintiff-Appellant,

versus

NATIONWIDE MUTUAL INSURANCE
COMPANY,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Northern District of Texas
No. 3:98-CV-1387-L

---

October 31, 2000

Before GARWOOD, HIGGINBOTHAM,  and STEWART, Circuit Judges.

PER CURIAM:[*]

Stanford Trading Company ("Stanford") claims on appeal that the district court erred by granting summary judgment in favor of Nationwide Mutual Insurance Company ("Nationwide") upon concluding that Nationwide had no duty to pay for losses that Stanford incurred after the FDA's seizure of misbranded drugs from the shelves of Stanford's customers. For the following reasons, we affirm the district court's ruling.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

FACTUAL AND PROCEDURAL BACKGROUND

Stanford, which buys and sells pharmaceutical drugs wholesale, did business with VRI Distribution Corporation ("VRI"), a company that sells pharmaceuticals. By agreement, Stanford was added as an insured under the comprehensive general liability ("CGL") policy that Nationwide provided for VRI. The policy states that Nationwide will cover Stanford for sums that it becomes "legally obligated to pay as damages."

This language formed the basis of Stanford's claim to Nationwide after the FDA confiscated drugs, which VRI had mislabeled, from the shelves of St anford's customers. Contending that the FDA's drug seizure did not amount to a legal obligation for Stanford to pay, Nationwide refused to honor Stanford's claim. Stanford filed suit, and the district court granted summary judgment in favor of Nationwide. Stanford now appeals that decision.

DISCUSSION

I.      Standard of Review

This court reviews the granting of summary judgment *de novo*. Bussian v. RJR Nabisco, Inc., 223 F.3d 286, 293 (5th Cir. 2000). "We must view all evidence in the light most favorable to the party opposing the motion and draw all reasonable inferences in that party's favor." Id. If the evidence demonstrates that there is no genuine issue regarding any material fact, summary judgment is proper. Id.

II.     Analysis

Texas courts have interpreted the policy language "legally obligated to pay as damages" to mean that the insured is required by a settlement or a judgment in a filed suit to pay a third party. Heyden Newport Chemical Corp. v. Southern Gen. Ins. Co., 387 S.W. 2d 22, 25 (Tex. 1965);

2

Southern County Mut. Ins. Co. v. Ochoa, 19 S.W. 3d 452, 460 (Tex. App.-- Corpus Christi 2000, no pet. h.);Reser v. State Farm Fire & Cas. Co., 981 S.W. 2d 260, 263 (Tex. App.-- San Antonio 1998, no pet.). None of the customers from whose shelves the drugs were actually seized have sued Stanford; they merely refused to pay for the commandeered drugs. Moreover, Standard has proffered no evidence demonstrating its legal liability to pay any sum related to the seized drugs. Accordingly, Nationwide is not obligated to pay Stanford's claim.

In a novel argument, Stanford attempts to characterize the drug confiscation itself as the event that created a legally compelled payment of damages satisfying its prerequisite to recovery from Nationwide under Texas law. Stanford contends that the FDA confiscation mirrored an environmental cleanup. In at least two cases, this court has concluded that an insurer must pay the expenses that third parties incur as a result of performing such an environmental cleanup. See, e.g., Bituminous Cas. Corp. v. Vacuum Tanks, Inc., 75 F. 3d 1048, 1053 (5th Cir. 1996) (concluding that environmental cleanup costs incurred by the federal government under CERCLA and attributed to an insured were damages within the meaning of the insured's policy and that the insurer was therefore obligated to pay the costs); Snydergeneral Corp. v. Century Indemnity Co., 113 F. 3d 536, 539 (5th Cir. 1997) (extending Bituminous to include individuals who voluntarily undertake the task of cleaning up hazardous waste).

These cases do not, however, strengthen Stanford's effort to save its claim against Nationwide. As stated earlier, none of Stanford's customers have sued it regarding the drugs that the FDA siezed. Moreover, unlike the situations created by the environmental cleanups in Bituminous and Snydergeneral, neither the government nor any other third party seeks to recover the costs associated with the FDA's mislabeled drug confiscation. Essentially, Stanford proposes that this

court take the giant leap from holding that the term "damages" includes environmental cleanup costs to holding that under Texas law, the CGL policy language "legally obligated to pay as damages" does not require a settlement or a judgment resulting from a third party suit against the insured.

Sitting as an Erie court, it is simply beyond the scope of our authority or prerogative to make this bold legal conclusion. The strictures of diversity jurisdiction demand that "we must apply Texas law as interpreted by Texas state courts." Mid-Continent Cas. Co. v. Swift Energy Co., 206 F.3d 487, 491 (5th Cir. 2000) (citing Erie R.R. co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188(1938)). The Texas Supreme Court and appellate courts have held that before an insurer's responsibility to honor the terms of its CGI policy is triggered, an insured must be legally obligated to pay a settlement or a judgment resulting from a third party suit against it. Because Stanford has presented no such evidence, Nationwide is not bound to pay the losses that Stanford suffered from the FDA drug confiscation.

## CONCLUSION

Accordingly, we hold that the district court did not err in granting summary judgment to Nationwide and AFFIRM its ruling.

AFFIRMED.