02-11-241-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00241-CV

 

 


 
 
 Paul Lair, Jr.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 TIG Indemnity Company
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM THE 352nd
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

         
Appellant Paul Lair, Jr., appeals the trial court’s order granting summary
judgment for Appellee TIG Indemnity Company on Lair’s claims against it. 
We will affirm.

Background
Facts

Lair
was employed at The Children’s Courtyard, a children’s daycare.  In 2009,
two parents of children who attended the daycare sued Lair and The Children’s
Courtyard alleging that Lair sexually assaulted and engaged in unlawful sexual
contact with their children in 2001 while Lair was working at the daycare.[2] 
At the time of the alleged assaults, The Children’s Courtyard was insured under
a commercial general liability policy with TIG.  Lair sued TIG in 2010
seeking a declaration that he, as an “additional insured” under The Children’s
Courtyard’s policy, is entitled to a defense and indemnification for the claims
in the underlying suit.

TIG
filed a traditional and no evidence motion for summary judgment, arguing that
there was no evidence that Lair is entitled to coverage under the policy and
that the underlying claims are excluded by the plain language of the
policy.  The trial court granted TIG’s motion.  This appeal followed.

Standard
of Review

         
We review a summary judgment de novo.  Travelers Ins. Co. v. Joachim,
315 S.W.3d 860, 862 (Tex. 2010).  We consider the evidence presented in
the light most favorable to the nonmovant, crediting evidence favorable to the
nonmovant if reasonable jurors could, and disregarding evidence contrary to the
nonmovant unless reasonable jurors could not.  Mann Frankfort Stein
& Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex.
2009).  We indulge every reasonable inference and resolve any doubts in
the nonmovant’s favor.  20801, Inc. v. Parker, 249 S.W.3d 392, 399
(Tex. 2008).  A defendant who conclusively negates at least one essential
element of a cause of action is entitled to summary judgment on that
claim.  Frost Nat’l Bank v. Fernandez, 315 S.W.3d 494, 508 (Tex.
2010); see Tex. R. Civ. P. 166a(b), (c).

Discussion

In
Lair’s first issue he argues that the pleadings allege claims covered by the
insurance policy, and in his second issue, he argues that TIG therefore owes
him a duty to defend.

The duty
to defend arises if the factual allegations against the insured, when fairly
and reasonably construed, state a cause of action potentially covered by the
policy.  See Cullen/Frost Bank v. Commonwealth Lloyd’s Ins. Co.,
852 S.W.2d 252, 255 (Tex. App.—Dallas 1993), writ denied, 889 S.W.2d 266
(Tex. 1994).  If a petition against an insured alleges only facts that are
not covered by the policy, the insurer is not required to defend.  See
id.  If the underlying petition does not state factual allegations sufficient
to invoke the duty to defend, then even proof of all those allegations could
not invoke the insurer’s duty to indemnify.  See Reser v. State Farm
Fire & Cas. Co., 981 S.W.2d 260, 263 (Tex. App.—San Antonio 1998, no
pet.); see also Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin, 955 S.W.2d
81, 84 (Tex.1997).

         
Lair argues that he is an insured under the policy because the plaintiffs in
the underlying suit alleged that he was acting within the course and scope of
his employment.  The commercial general liability policy includes in its
definition of an “insured” “‘employees’ . . . , but only for acts within the
scope of their employment by [The Children’s Courtyard] or while performing
duties related to the conduct of [The Children’s Courtyard’s] business.”

         
Assaults on third parties are rarely considered to be within the scope of one’s
employment unless it “was so connected with and immediately arising out of
authorized employment tasks as to merge the task and the assaultive conduct
into one indivisible tort imputed to the employer.”  Buck v. Blum,
130 S.W.3d 285, 289 (Tex. App.—Hous. [14th Dist.] 2004, no pet.).  For
instance, in Frito-Lay, Inc. v. Ramos, 770 S.W.2d 887 (Tex. App.—El Paso
1989), rev’d on other grounds, 784 S.W.2d 667 (Tex.1990), the court
reasoned that a factfinder could find that the employee was acting within the
scope of his employment when he assaulted the customer while trying to retrieve
company property.  There is no evidence in the record that Lair, in allegedly
assaulting the children, was performing any function related to his duties as
an employee of The Children’s Courtyard.  See Mackey v. U.P.
Enters., Inc., 935 S.W.2d 446, 453 (Tex. App.—Tyler 1996, no writ) (“[W]hen
the servant turns aside, for however a short time, from the prosecution of the
master’s work to engage in an affair wholly his own, he ceases to act for the
master, and the responsibility for that which he does in pursuing his own
business or pleasure is upon him alone.”).  Lair was not acting within the
scope of his employment by or performing duties related to The Children’s
Courtyard’s business when he committed the alleged sexual assault.  See
id. at 454 (defendant employees were not acting within the scope of their
employment when sexually assaulting plaintiff).  He therefore does not
fall under the definition of an “insured” under TIG’s insurance policy.  See
Sylvester v. Dallas Fire Ins. Co., No. 04-97-00754-CV, 1998 WL
130341, at *2 (Tex. App.—San Antonio Mar. 25, 1998, pet.
denied) (mem. op.) (holding as a matter of law that employee was not an insured
for purposes of triggering insurance company’s duty to defend when there was
“no factual connection” between employee’s sexual assault and his job).

         
Even if Lair were considered an insured under the policy, two exclusions would
apply to exclude his claims under the policy.  First, the Texas Abuse and
Molestation Exclusion of the policy states that “[t]his insurance does not
apply to ‘bodily injury,’ ‘property damage,’ ‘advertising injury[,]’ or
‘personal injury’ arising out of . . . [t]he actual or threatened abuse or
molestation by anyone of any person while in the care, custody or control of
any insured . . . .”  The Exclusion defines abuse as “an act which is
committed with the intent to cause harm.”

“[A]n
insured intends to injure or harm another if he intends the consequences of his
act, or believes they are substantially certain to follow.”  State Farm
Fire & Cas. Co. v. S.S. & G.W., 858 S.W.2d 374, 378 (Tex. 1993).
 Ordinarily, intent to injure is a question of fact.  Id.
 However, certain conduct is so extreme or outrageous that intent to
injure may be inferred as a matter of law.  See S.S. & G.W. v.
State Farm Fire & Cas. Co., 808 S.W.2d 668, 670–71 (Tex. App.—Austin
1991), aff’d, 858 S.W.2d 374 (Tex. 1993).  Sexual assault of a
child has been considered to be of the type of extreme or outrageous conduct
for which intent to harm may be inferred.  See Allen v. Auto.
Ins. Co. of Hartford Conn., 892 S.W.2d 198, 201 (Tex. App.—Hous. [14th
Dist.] 1994, no writ); Maayeh v. Trinity Lloyds Ins. Co., 850 S.W.2d
193, 196 (Tex. App.—Dallas 1992, no writ).  We can infer that Lair
intended to cause harm by his alleged sexual assault on the children, and thus
the Texas Abuse and Molestation Exclusion would apply to exclude Lair’s alleged
acts.  See Maayeh, 850 S.W.2d at 197 (holding that insurer had no
duty to defend because the policy excluded bodily injury “caused intentionally
by or at the direction of the insured” and insured’s intent to injure in a
sexual assault on a child could be inferred as a matter of law).

Second,
the Sexual Molestation Form of the policy covers “those sums that the insured
becomes legally obligated to pay as damages because of ‘bodily injury’ caused
by a ‘sexual abuse occurrence.’”  However, the Form excludes

1.   
An additional insured, or any person or entity indemnified under any insured
contract, if the employee(s), agent(s), representative(s) or volunteer
worker(s) of such additional insured or indemnified person or entity actually
or allegedly committed, or participated in any respect, in a “sexual abuse
occurrence.”

 

. . . . 

 

4. Any person who
participated in, directed[,] or knowingly allowed any “sexual abuse
occurrence.”[3]

The
Form defines those who are insured as including “employees . . . , but only for
acts within the scope of their employment by [The Children’s Courtyard] or
while performing duties related to the conduct of [The Children’s
Courtyard].”  As we held above, Lair was not acting within the scope of
his employment when he allegedly assaulted the children.  Thus, Lair’s
alleged acts would be excluded from the Sexual Molestation Form.

Because
Lair’s alleged acts are not covered by the insurance policy, TIG does not owe
Lair a duty to defend.  We overrule Lair’s first and second issues.

Conclusion

         
Having overruled Lair’s two issues on appeal, we affirm the trial court’s
judgment.

 

 

 

LEE GABRIEL
JUSTICE

 

PANEL: 
DAUPHINOT, MEIER, and GABRIEL, JJ.

 

DELIVERED:  December
22, 2011

 














[1]See Tex. R. App. P. 47.4.





[2]The parents sued Lair for negligence,
gross negligence, assault, and abuse.





[3]The Form defines “sexual abuse
occurrence” as “[a] single act, or multiple, continuous, sporadic, or related
acts of sexual abuse or molestation caused by one perpetrator, or by two or
more perpetrators acting together.”