# IN THE SUPREME COURT OF TEXAS

No. 19-0701

In re Farmers Texas County Mutual Insurance Company, Relator

On Petition for Writ of Mandamus

Chief Justice Hecht, joined by Justice Boyd and Justice Blacklock, dissenting in part.

Sued for $1 million for rear-ending another driver, and worried that her liability might exceed her $500,000 policy limits, Longoria urged her insurer, Farmers Texas County Mutual Insurance Co., to accept a $350,000 settlement offer. But Farmers would pay only $250,000, and the policy gave it the right "to settle or defend" the claim "as [it] consider[ed] appropriate". So Longoria paid the additional $100,000 herself, the case settled, and she now sues Farmers to recover her personal contribution.

The Court holds that Longoria may be entitled to recover the $100,000 from Farmers for breaching its promise in the policy to "pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident." The Court bases this holding on the supposed rule that "an insured can become legally responsible due to a settlement".[1] Even if that "can" be true in some circumstances, the Court never explains *when* a settlement makes an insured legally responsible, thereby triggering the insurer's duty to indemnify.

---

[1] *Ante* at 12.

None of the authorities the Court cites involves a situation remotely comparable to this one.[2]

"[F]acts actually established in the underlying suit control the duty to indemnify."[3] Thus, only those settlements in which the insured admits to facts establishing her legal responsibility for the accident can possibly trigger an insurer's duty to indemnify. When the insured disclaims all liability for the accident (as happens in the vast majority of settlements), the settlement does not establish any facts, and the insurer therefore has no duty to indemnify. That is what Longoria did. Her "Settlement Agreement and Release" with the other driver provided:

> It is expressly understood and agreed by the parties hereto that the terms hereof are contractual and not merely recitals, and that the agreements herein contained and the consideration transferred are to buy peace, and that no payment made, nor releases or other consideration given shall be construed to be nor are they an admission of liability, all liability being expressly denied.

Theorizing about settlement agreements in the abstract, the Court ignores Longoria's actual

---

[2] Specifically, none of the cases the Court cites involves a situation where either (1) the settlement specifically disclaimed the insured's liability or (2) the insurer was defending the insured but did not consent to the insured's settlement. The Court cites *Evanston Ins. Co. v. ATOFINA Petrochemicals, Inc.* for the broad proposition that "we have held that an excess insurer was obligated to indemnify an insured for liability established by settlement." *Ante* at 13 (citing 256 S.W.3d 660, 675 (Tex. 2008)). However, *Evanston* involved an insurer that "wrongfully denied all coverage under the policy" and made "an intentional choice to forego [sic] participation in settlement discussions". 256 S.W.3d at 672. In the present case, Farmers defended Longoria and participated in the settlement discussions. It was Longoria who chose to forgo that and settle instead. Similarly, in *Comsys Information Technology Services, Inc. v. Twin City Fire Insurance Co.*, the insurer was obliged under the policy "to either consent to the settlement agreement or assume the responsibility of defending Comsys." 130 S.W.3d 181, 191 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). Thus, the insurer was only "required to . . . consent to the settlement" because it declined to "assume the defense." *Id.* Here, Farmers assumed the responsibility of defending Longoria. None of the other cases the Court cites say anything at all about when a settlement triggers an insurer's duty to indemnify. *See Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 799–800 (Tex. 1992) (holding that even though some of Getty's cross-claims against NL, including a claim that NL breached a contract to purchase Getty insurance, "were contingent on Getty incurring liability in the *Duncan* suit", res judicata still required Getty to bring its contingent cross-claims "in the same action" as the rest "of its cross-claims against NL in the *Duncan* suit"); *Ohio Cas. Ins. Co. v. Time Warner Entm't Co., L.P.*, 244 S.W.3d 885, 891 (Tex. App.—Dallas 2008, pet. denied) (holding that the insured "has simply failed to prove facts showing that Insurers owe it any duties . . . at this time"); *Archon Invs., Inc. v. Great Am. Lloyds Ins. Co.*, 174 S.W.3d 334, 344 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (holding that the insurer "has a duty to defend [the insured] in the underlying suit" and declining to address whether the insurer "also has a duty to indemnify"); *Collier v. Allstate Cnty. Mut. Ins. Co.*, 64 S.W.3d 54, 62 (Tex. App.—Fort Worth 2001, no pet.) (holding that the insurer "had no duty to defend or indemnify [the insureds] as a matter of law, because their liability was not based on an 'auto accident'"); *Reser v. State Farm Fire & Cas. Co.*, 981 S.W.2d 260, 264 (Tex. App.—San Antonio 1998, no pet.) (holding that the lawsuit filed against the insured did "not give rise to [the insurer's] duty to defend or the duty to indemnify").

[3] *D.R. Horton-Tex., Ltd. v. Markel Int'l Ins. Co., Ltd.*, 300 S.W.3d 740, 744 (Tex. 2009) (citations omitted).

2

agreement and holds that Farmers may have breached its policy by failing to pay Longoria for damages for which she became legally responsible when she has expressly denied "all liability".

Further, Farmers was not a party to Longoria's settlement agreement. Even if an insured does not deny liability—indeed, even if she admits it—the insured can hardly settle a claim without her insurer's consent and then expect the insurer to reimburse her. True, the Court admits, but "[h]aving solicited Longoria's contribution, Farmers can hardly contend that it was unauthorized."[4] Actually, it can. The policy provides that "no legal action may be brought against us [*i.e.* Farmers] until: 1. We agree in writing that the covered person has an obligation to pay; or 2. The amount of that obligation has been finally determined by judgment after trial." Longoria has alleged that Farmers "suggested" she contribute $100,000 to the settlement, even "making a demand" that she do so. But Longoria has never alleged a writing in which Farmers agreed she had an obligation to pay Gibson anything. Absent such a writing, no legal action may be brought by Longoria against Farmers.

Based on the plain language of the policy and the settlement agreement, Longoria cannot state a claim against Farmers for breach of the policy's indemnity provision. Longoria could recover for Farmers's negligent failure to settle in a common law *Stowers* action, named for our 1929 case that recognized it,[5] but only if she suffered a judgment in excess of policy limits.[6] She argues that we should remove that requirement, which, as the Court explains, "our precedent has

---

[4] *Ante* at 17.

[5] *G.A. Stowers Furniture Co. v. Am. Indem. Co.*, 15 S.W.2d 544 (Tex. Comm'n App. 1929, holding approved).

[6] *See Phillips v. Bramlett*, 288 S.W.3d 876, 885 (Tex. 2009) ("[A] *judgment* against the insured that exceeds policy limits is the *sine qua non* of a *Stowers* claim." (citing *Am. Physicians Ins. Exch. v. Garcia*, 876 S.W.2d 842, 849 (Tex.1994))).

3

consistently recognized".[7] The Court "see[s] no reason" to do so,[8] and I agree.

I would grant mandamus relief and direct the trial court to also dismiss Longoria's claim for breach of Farmers's contractual duty to indemnify.

Nathan L. Hecht
Chief Justice

**OPINION DELIVERED:** April 23, 2021

---

[7] *Ante* at 9.

[8] *Ante* at 7.